UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-1723-JGB (SPx)** | Date | August 7, 2015 |
|---|---|---|---|
| Title | *Chauncey L. Mann III v. Structured Asset Mortgage Investment II Trust 2007-AR3, Mortgage Pass-Through Certificates Series 2007-AR3* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** **Order (1) GRANTING Defendant Wilmington Trust, NA's Motion to Dismiss (Doc. No. 28); (2) GRANTING Defendant Impac Funding Corporation's Motion to Dismiss (Doc. No. 35); (3) GRANTING Defendant Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (Doc. No. 42); (4) DISMISSING the FAC WITH PREJUDICE; and (5) VACATING the August 24, 2010 Hearing (IN CHAMBERS)**

Before the Court are three motions to dismiss, one from each of the three Defendants in this case. (Doc. Nos. 28, 35, 42.) The Court finds these matters appropriate for resolution without a hearing. See Local Rule 7-15; Fed. R. Civ. P. 78. After considering all papers timely filed in support of and in opposition to the motions, the Court GRANTS all three motions and DISMISSES the First Amended Complaint WITH PREJUDICE. Additionally, the Court VACATES the August 24, 2015 hearing.

## I.   BACKGROUND

### A.  Procedural History

On August 20, 2014, Plaintiff Chauncey Mann III ("Plaintiff") filed a Complaint against Defendant Wilmington Trust, NA ("Wilmington"), as Trustee for the Benefit of Registered Holders of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass-Through Certificates, Series 2007-AR-3 ("Trust"). (Complaint, Doc. No. 1.)

In his Complaint, Plaintiff failed to name Wilmington, the trustee. He instead named only the Trust itself. (Compl. at 1.) Plaintiff then, incorrectly, served the Trust rather than Wilmington.[1] (Doc. No. 6.) On January 12, 2015, Plaintiff filed an application for the Clerk to enter default (Doc. No. 5), which the Clerk granted (Doc. No. 7). Wilmington, once it found out about the suit, moved to set aside the default. (Doc. No. 10.) The Court set aside the default on April 1, 2015. (Doc. No. 14.)

On April 15, 2015, Wilmington filed a motion to dismiss the Complaint (Doc. No. 17) which the Court granted on May 12, 2015 ("Order," Doc. No. 21). The Court dismissed the Complaint, but granted Plaintiff leave to amend; specifically, the Court explained that the amended complaint could assert claims under the Truth in Lending Act ("TILA") and any specific claim regarding invalid transfers of the promissory note or deed of trust.[2] (Order at 6.) The Court also explained that Plaintiff should not attempt to re-plead any of the failed claims from the Complaint, including his claims regarding "improper securitization." (Id.)

Plaintiff filed his First Amended Complaint on May 27, 2015. ("FAC," Doc. No. 25.) The FAC added two Defendants, Impac Funding Corporation ("Impac") and Mortgage Electronic Registration System, Inc. ("MERS"). (Id.)

On June 11, 2015, Wilmington filed a motion to dismiss the FAC. ("WMTD," Doc. No. 28.) Plaintiff opposed on July 6, 2015. ("Opp'n," Doc. No. 38.) Wilmington replied on July 13, 2015. ("WMTD Reply," Doc. No. 41.)

On June 22, 2015, Impac also moved to dismiss the FAC. ("IMTD," Doc. No. 35.) Plaintiff opposed on July 6, 2015.[3] ("Opp'n," Doc. No. 38.) Impac replied on July 13, 2015 ("IMTD Reply," Doc. No. 40.)

Finally, on July 13, 2015, MERS moved to dismiss the FAC as well. ("MMTD," Doc. No. 42.) Plaintiff opposed on August 4, 2015. ("MMTD Opp'n," Doc. No. 46.)

As Defendants' motions all make the same arguments, the Court consolidated the hearings on all of the motions. (Doc. No. 43.)

---

[1] Under California law a trust is not a person. Cal. Civ. Proc. Code § 680.280. Therefore, in contrast to a corporation, a trust cannot sue or be sued in its own name; the trustee is the proper person to be sued on behalf of the trust. Ziegler v. Nickel, 64 Cal. App. 4th 545, 548 (1998).

[2] Neither the TILA claim nor the invalid-transfer claim were included in the complaint. Instead, Plaintiff inserted these allegations in his opposition to the motion to dismiss. (Doc. No. 19.) Nevertheless, the Court granted Plaintiff leave to amend to allow him to attempt to properly plead these claims.

[3] Plaintiff's Opposition is only directed to Wilmington's motion to dismiss, but the Court will also construe it as opposing Impac's motion since Plaintiff is proceeding in pro per. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (pro per filings should be liberally construed).

### B. Allegations in the FAC.

On January 29, 2007, Plaintiff obtained a $372,000.00 loan from Impac and purchased real property located at 2051 East Fifth Street, Ontario, California, 91764 (the "Property"). (FAC ¶ 16). The Deed of Trust ("DOT") listed Impac as the lender and MERS as the nominee for Impac and Impac's successors and assigns. (Id., Ex. 1.)

Plaintiff alleges that Impac initially informed him that he had been "pre-qualified" for a fixed rate loan. (Id. ¶ 16.) Plaintiff alleges, however, that on the day he signed the promissory note, he leaned that the mortgage had been "switched to an Adjustable Rate Loan." (Id.) Plaintiff further alleges he never signed an Adjustable Rate Rider, and that his signature on the Adjustable Rate Rider (Ex. 6) was either forged or copied from another document. (Id.)

Plaintiff alleges that his mortgage was serviced at all times by EMC Mortgage, which was also the company to whom he made payments. (Id. ¶ 17.) Plaintiff further alleges that in June 2008, he sent a letter to EMC Mortgage that gave notice of his intent to rescind the loan, as allowed under TILA. (Id. ¶ 18.) EMC Mortgage allegedly never responded to this letter. (Id.)

On February 6, 2013, MERS, as Impac's nominee, transferred the interest in the loan to CitiBank, N.A., as trustee for benefit of the Trust.[4] (Id., Ex. 3.) On May 20, 2014, Plaintiff alleges he sent another TILA rescission letter, this time to Impac, EMC Mortgage, and several other parties. (Id. ¶ 22.) Plaintiff alleges that Wilmington caused a Notice of Trustee's Sale to be filed on June 5, 2014. (Id.)

Based on the above allegations, the FAC asserts three causes of action against Defendants: (1) TILA/HOEPA rescission; (2) declaratory relief (declaring the DOT void); and (3) quiet title. (Id. ¶¶ 24-43.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

---

[4] Wilmington is the successor to Citibank, N.A. as trustee of the Trust.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Surviving a motion to dismiss requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III.  DISCUSSION

Defendants move to dismiss all of the FAC's claims. As the same legal arguments apply to all three, the Court will address each of the FAC's claims generally, rather than as to each specific Defendant.

### A. Claim One: TILA/HOEPA Rescission

Plaintiff, through his first cause of action, seeks to rescind the mortgage loan under both TILA and the Home Ownership Equity Protection Act ("HOEPA"). (FAC ¶¶ 24-29.) Plaintiff alleges Impac violated HOEPA by not providing proper disclosures regarding his adjustable rate mortgage. (Id. ¶ 16.) Plaintiff also asserts a TILA claim, based on his allegations that he requested recission of the loan in both 2008 and 2014. (Id. ¶ 18, 22.) After reviewing the FAC, the Court concludes that Plaintiff's TILA and HOEPA claims are time-barred.

#### 1. TILA

Under TILA, a borrower must bring a damages action within one year of the alleged violation. 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). Thus, any action to enforce a rescission or to seek damages must be filed within one year of the creditor's refusal to accept rescission.

Gilbert v. Residential Funding LLC, 678 F.3d 271, 278-79 (4th Cir. 2012). If a creditor fails to respond to a rescission request, the one-year period begins to run 20 days after the request. 15 U.S.C. 1635(f).

Here, the loan at issue was consummated on January 29, 2007. (FAC, Ex. 1.) Plaintiff alleges he sent a letter requesting rescission in June 2008 and that he received no response. (FAC ¶ 18.) Accordingly, Plaintiff was required to assert this TILA rescission claim by July 2009, at the latest. As Plaintiff did not assert this TILA claim until May 27, 2015 (the filing date of the FAC), the claim is time-barred.

Plaintiff also alleges he sent a letter requesting rescission in 2014. (FAC ¶ 22; Ex. 7.) However, borrowers who seek rescission under TILA are required to give written notice to the creditor within three years of the consummation of the loan. 15 U.S.C. § 1635(f); Jesinoski v. Countrywide Home Loans, Inc, 135 S.Ct. 790, 792 (2015). Thus, the statute of limitations ran approximately four years before Plaintiff sent his 2014 letter, and any TILA claims arising from the letter are time-barred.

### 2. HOEPA

The statute of limitations for violations of HOEPA based on failures to provide disclosures prior to the loan closing is one year for affirmative relief and three years for a right to rescind. 15 U.S.C. §§ 1640(e), 1635(f); Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) ("HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA."). Plaintiff alleges Impac did not provide him certain HOEPA disclosures in 2007, when he signed the loan. (FAC ¶ 16.) Plaintiff brings this claim in 2015, and, therefore, it is time-barred regardless of the relief Plaintiff seeks.

### 3. Disposition

In light of the above, the Court GRANTS Defendants' motions as to Plaintiff's cause of action for rescission under TILA and HOEPA. The Court DISMISSES this cause of action WITHOUT LEAVE TO AMEND. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (explaining that courts need not grant leave to amend where "any amendment would be an exercise in futility").

## B. Claim Two: Declaratory Relief

Plaintiff's second claim, for declaratory relief, appears to be based on several theories. (FAC ¶¶ 30-37.) Plaintiff contends that (1) he did not understand what he was signing when he signed the DOT, (2) his signature on the Adjustable Rate Rider was either forged or copied from another document, and (3) his loan was improperly securitized. (FAC ¶¶ 30-33.)

Plaintiff first contends that when he signed the DOT he did not know that the loan was had an adjustable, rather than a fixed, rate. (Id. ¶ 31). However, even if Impac's purported failure to disclose the loan type could be called fraudulent, the statute of limitations to rescind a contract in writing for fraud or mistake is four years. Cal. Civ. Proc. Code § 337(3). The time

begins to run from the date "upon which the facts that entitle the aggrieved party to rescind occurred." Id. Plaintiff alleges he discovered that the loan had an adjustable rate when he signed the promissory note. (FAC ¶ 16.) Thus, his claim became time-barred in 2011.

As to Plaintiff's claim that his signature on the Adjustable Rate Rider was forged or copied, Plaintiff admits in the FAC that he signed the DOT itself, that knew when he signed the promissory note that the loan had an adjustable rate, and that he nevertheless took out the loan. (Id.) Given these allegations, his attempt to void the DOT is also time-barred. See Cal. Civ. Proc. Code § 337(3) (four year statute of limitations for rescission of contracts based on fraud or mistake).

Finally, the Court already dismissed without leave to amend Plaintiff's claims regarding "improper securitization." (Order at 6.) Thus, these claims should not have been re-pleaded in the FAC.

Accordingly, Plaintiff's claim for declaratory relief is DISMISSED WITHOUT LEAVE TO AMEND. See Steckman, 143 F.3d at 1298 (explaining that courts need not grant leave to amend where "any amendment would be an exercise in futility").

### C. Claim Three: Quiet Title

Finally, Plaintiff asserts a claim for quiet title. (FAC ¶¶ 38-43.) This claim is vague and difficult to parse, but appears to be based on Plaintiff's claims that there is not a valid chain of title as well as Plaintiff's previous two causes of action.

First, the claim fails insofar as it relies on Plaintiff's first two causes of action. As to Plaintiff's claims regarding the chain of title, the Court previously ruled that the Complaint failed "to explain which transfer was ineffective and why [Plaintiff] believes it was ineffective." (Order at 6.) Plaintiff's conclusory assertion in the FAC that "the evidence will show documents that are forged (robo-signed), fraudulent, contain misstatements, and are groundless" (FAC ¶ 38) fails to specify which transfers were allegedly defective, and what specific factual allegations Plaintiff bases his claims on. In short, Plaintiff was given a chance to amend, and he has not alleged any facts suggesting that this claim is plausible.[5]

Accordingly, the Court DISMISSES Plaintiff's claim for quiet title WITHOUT LEAVE TO AMEND. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted) (second alteration in original).

---

[5] Moreover, in the context of a loan transaction, to obtain equitable relief, a borrower generally must allege that he is prepared to tender the principal loan balance to the lender. See Lona v. Citibank N.A., 202 Cal. App. 4th 89, 112 (2011). Plaintiff has not alleged tender in either the Complaint or the FAC.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss, and DISMISSES the FAC WITH PREJUDICE.  The Court VACATES the August 24, 2015 hearing.

**IT IS SO ORDERED.**